**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

> **FILED**
> JAMES J. WALDRON, CLERK
>
> **APRIL 1, 2008**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
> BY:  s/ Ronnie Plasner, DEPUTY

April 1, 2008

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Lawrence P. Blaskopf
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C.  20044
*Counsel for the United States of America*

Joel A. Siegel, Esq.
70 Lafayette Street
New York, New York 10013
*Counsel to Merrill Lynch Business Financial Services, Inc.*

Stuart Rabner
Attorney General of New Jersey
Heather Lynn Anderson
Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
PO BOX 106
Trenton, NJ 08625-0106
**Counsel for Defendant, State of New Jersey,**
**Department of Labor and Division of Taxation**

Page 2
April 1, 2008

Re:  In re Patriot Contracting Corp.  (Case No. 05-33190 DHS)
     U.S. v. Merrill Lynch Business Financial Services, Inc. et al. (Adv. Pro. 07-1738)

Dear Counsel:

      Before the Court is a motion filed by the United States seeking reconsideration of this Court's September 18, 2007 Order closing the instant adversary proceeding. On May 29, 2007, the United States filed a complaint against Patriot Contracting Corporation (hereinafter "Debtor"), Merrill Lynch Business Financial Services, Inc. ("Merrill Lynch"), Ford Motor Credit Company, Frank L. Cocozelli, and the State of New Jersey (hereinafter "Defendants") seeking: (i) a determination that the United States was a secured claimant; (ii) to void previous orders authorizing the Debtor's use of cash collateral under Federal Rule of Civil Procedure 60(b)(4); and (iii) the disgorgement of funds transferred pursuant to those cash collateral orders.[1] On June 27, 2007, the Debtor moved to dismiss its bankruptcy case pursuant to Section 1112(b) of the Bankruptcy Code as no assets remained after a Section 363 liquidation sale. The Debtor's case was subsequently dismissed on September 11, 2007. Thereafter, on September 18, 2007, the instant adversary proceeding was closed due to the dismissal of the underlying bankruptcy case.

      On September 20, 2007, the United States filed the instant motion to reconsider the closing of its adversary proceeding against the Defendants based on judicial economy and the nature of the legal issues raised in the complaint. Specifically, the United States argues that failure to reopen this matter would lead to two actions – one to determine if this Court's cash collateral orders were void under Federal Rules of Civil Procedure 60(b)(4) and a second to determine the priority of federal tax liens with respect to the assets in Merrill Lynch's possession.

      Merrill Lynch filed opposition in which they contend that discovery had not yet been taken in what it believes will be prolonged litigation involving a minimum of seven parties. Merrill Lynch also claims the issues at the crux of this case involve contract and lien law under 26 U.S.C. §§ 6321-6323 and further argues that litigation in the bankruptcy court would be unfair and inconvenient to the guarantors of the monies at issue.

      The United States' reply disputes the grounds of Merrill Lynch's opposition. Specifically, the United States argues Rule 26(a)(1) disclosures have been filed and a deposition has been noticed. In addition, the United States alleges a Rule 60(b)(4) motion may be made in this Court at any time to determine whether a cash collateral order is void and further that the Federal Rules of Bankruptcy Procedure are largely the same as the Federal Rules of Civil Procedure in eliminating any unfairness to the guarantors for continuing litigation in the Bankruptcy Court.

---

[1] A stipulated dismissal between Ford Motor Credit Company and the United States was filed on June 21, 2007.

Page 3
April 1, 2008

For the reasons that follow, the United States' motion to reconsider the Order closing the adversary proceeding is denied.

**Discussion**

A court should grant a motion for reconsideration when the moving party shows one of three circumstances: (1) there is newly available evidence; (2) there is a need to correct a clear error of law or prevent manifest injustice; and (3) there is an intervening change in the controlling law. *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 182 (Bankr. D.N.J. 2002) (citing *North River Ins. Co. v. CIGNA Reins. Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration are fully within the bankruptcy court's discretion. *In re Christie*, 222 B.R. 64, 68 (Bankr. D.N.J. 1998) (citation omitted).

In satisfying its burden for a motion for reconsideration, the moving party must set forth "'concisely the matters or controlling decision which the counsel believes the court has overlooked.'" *Id*. at 67 (quoting *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1219 (D.N.J. 1993)). A motion for reconsideration cannot be used as a "vehicle to reargue the motion or to present evidence which should have been raised before.'" *Id.* at 68 (quoting *Database*, 825 F. Supp. at 1220). That is, a motion for reconsideration should not provide the parties with an opportunity for a "second bite at the apple." *Id.* at 67 (citing *Database*, 825 F. Supp. at 1220). Further, the moving party must show more than "'mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision'" *Id*. at 68 (quoting *Database*, 825 F. Supp. at 1220).

A motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law that were overlooked. *In re Engel*, 190 B.R. 206, 211-12 (Bankr. D.N.J. 1995) *aff'd*, 124 F.3d 567 (3d Cir. 1997)*; see Hunterson v. DiSabato*, 137 F. Supp. 2d 529, 549 (D.N.J. 1999). A reconsideration motion is inappropriate to be used to reargue positions previously made or to otherwise ask the court to rethink issues already considered, rightly or wrongly. *Engel*, 190 B.R. at 212 (citing *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826 (D.N.J. 1992)); *see Feit v. Great-Wise Life & Annuity Ins. Co.,* 460 F. Supp. 2d 632, 643 (D.N.J. 2006). Finally, a motion for reconsideration is an extraordinary remedy that should be used "sparingly" and limited to exceptional circumstances. *In re Christie*, 222 B.R. at 68 (citing *Lony v. E.I. DuPont de Nemours & Co.*, 935 F.2d 604, 608 (3d Cir. 1991)).

In the case at bar, it must be understood the motion for reconsideration is within the context of reopening an adversary proceeding closed in conjunction with dismissal of the underlying bankruptcy case. The Third Circuit typically adheres to the general rule "that dismissal of a bankruptcy case terminates all adversary proceedings filed in that case. . . ." *Smith v. Commercial Banking Corp. (In re Smith)*, 866 F.2d 576, 580 (3d Cir. 1989); *see In re Ragland*, 2006 Bankr. LEXIS 1436, at *13 (Bankr. E.D. Pa. May 25, 2006). However, the Third Circuit makes exception to the general rule where the

Page 4
April 1, 2008

bankruptcy court may retain jurisdiction over an adversary proceeding after dismissal of the bankruptcy case if certain factors are met. *Pineo v. CPT Holdings, Inc. (In re J&L Structural, Inc.)*, 299 B.R. 89, 92 (Bankr. W.D. Pa. 2003); *In re Stardust Inn, Inc.*, 70 B.R. 888, 890 (Bankr. E.D. Pa. 1987). The factors are similar to those used by federal courts when deciding to hear state law ancillary or pendent claims. *Id.* at 890. Specifically, courts consider: "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related issues involved." *Chambers v. Countrywide Home Loans, Inc. (In re Chambers)*, 2003 Bankr. LEXIS 1699, at *18 (Bankr. E.D. Pa. December 10, 2003) (citing *In re Smith*, 866 F.2d at 579); *In re Stardust Inn*, *Inc.*, 70 B.R. at 891. The judicial economy factor seeks "to preserve energies already invested by the parties and the court in the proceedings." *In re Stardust Inn, Inc.*, 70 B.R. at 891. The second factor – fairness to the litigants – questions "whether the parties would be prejudiced by dismissal." *Id.*

In the instant matter, both parties rely upon *In re Smith* while taking opposing positions. The United States argues judicial economy and the complexity of the legal issues warrants the bankruptcy court's retention of its adversary proceeding, while Merrill Lynch contends the issues fall outside of the scope of the Bankruptcy Code, wasting of judicial resources will not occur by bringing the case in another court and that another court would be equally fair to the litigants. Here, in the adversary proceeding at issue, only minimal discovery has occurred. Now that the bankruptcy case has been dismissed, federal lien law is at the crux of this potentially protracted litigation. Therefore, another court is a suitable forum for this matter since the principal causes of action are not premised upon the Bankruptcy Code or interpretation of bankruptcy law. Moreover, the outcome of the bankruptcy case is not dependent upon the result of this litigation.

Since this adversary proceeding is still in its early stages, this motion for reconsideration is unusual as the parties are not seeking to relitigate issues already resolved, but instead are contesting the potential forums for their dispute. Motions for reconsideration are to be granted under rare circumstances and for limited reasons. The instant matter does not present such an occasion. The factor analysis for the Court's retention of an adversary proceeding weigh in favor of closing the adversary proceeding and allowing the parties to bring their dispute in another forum.

## Conclusion

For the foregoing reasons, the United States' motion for reconsideration of the September 18, 2007 Order closing its adversary proceeding is hereby denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

*/s/ Donald H. Steckroth*
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure